No. 3672.—SUCCESSION OF ANTOINE TRUXILLO—SOSTHENE TRUXILLO v. JEANNETTE TRUXILLO, wife of Antoine Dalferes et al.

The parish court is without jurisdiction to entertain an action to enforce a mortgage claim against a succession where the amount involved is above five hundred dollars.

Real estate belonging to a succession can not be sold under judicial process without dividing it into lots varying from ten to fifty acres. Constitution, article 132; Revised Statutes of 1870, sec. 2452.

APPEAL from Parish Court, parish of Assumption. *D. LeBlanc,* Parish Judge. *Hiram H. Carver,* for plaintiff. *Nichols & Folse,* for opponent and appellant.

WYLY, J. In September, 1871, Antoine Truxillo died, leaving a small succession, consisting mainly of a tract of land, and leaving three heirs, viz: Sosthene Truxillo and his two sisters, Mrs. Dalferes and Mrs. Barras.

Pending the application of Mrs. Dalferes to be appointed administratrix, the plaintiff Sosthene Truxillo sued his two sisters for a partition of the succession, and alleging that he is a mortgage creditor of said succession for $7282; he prayed that the land be sold in block by an auctioneer for cash enough to satisfy his mortgage claim, " and also for cash for one-third of the balance remaining beyond the amount at the day of sale of said mortgage claim; " and that a notary be appointed to whom the parties may be referred for final partition, etc.

The court ordered all the property to be sold in block for cash "for the double purpose of paying" the mortgage claim held by the plaintiff and for partition.

From this judgment the defendant Mrs. Dalferes appeals. She contends :

*First*—That the parish court was without jurisdiction to render the judgment ordering the sale of the property to pay the mortgage claim set up by the plaintiff, because it is contested by the co-heirs and the amount thereof exceeds $500.

*Second*—That the action to enforce this mortgage claim as an incident to his suit for partition is illegal.

*Third*—That the order of the parish court requiring the sale of the property in block violates article 132 of the Constitution requiring land to be sold in lots from ten to fifty acres.

This proceeding is anomalous. The main object of the plaintiff is doubtless to enforce his mortgage claim against the succession of his father, which is unrepresented, and which claim will absorb the greater part of the succession. He opposes an administration, and yet, under articles 990 and 992, Code of Practice, he seeks to have the property sold to pay his large claim by cumulating the application with an action for partition.

The property of a succession can not be sold under the articles referred to until some one has been appointed to represent it, and until the claim has been allowed by the administrator or other legal representative, or adjudicated upon by the court.

The amount of this claim being $7282, the parish court was without jurisdiction.

The jurisdiction of the court depends upon the amount in dispute, regardless of the party holding the claim, whether he be an heir or not.

As Truxillo died in September, 1871, the property of his succession must be sold in lots of from ten to fifty acres each. It can not be sold in block. Revised Statutes of 1870, section 3452; Constitution, article 132.

It is therefore ordered that the judgment appealed from be annulled, and that this suit be dismissed, with costs of both courts.